UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA,      :
                               :
     v.                        :
                               :    Case No. 06-cr-118
JAMES GILLETTE,                :
                               :
          Defendant.           :

### Opinion and Order

Defendant James Gillette moves to correct his sentence under the Armed Career Criminal Act ("ACCA") pursuant to 28 U.S.C. § 2255. ECF No. 77. Mr. Gillette argues he should be resentenced pursuant to the "new rule" recognized in *Descamps v. United States*, 133 S. Ct. 2276 (2013) because two of his prior burglary convictions do not qualify as ACCA predicate offenses. ECF No. 77 at 2. *Descamps*, however, did not recognize a new rule. Mr. Gillette's motion is **denied** as untimely.

I.   **Factual and Procedural Background**

Mr. Gillette was indicted on October 19, 2006. On March 19, 2007 he pled guilty to one count under 18 U.S.C. § 921(g)(1), which charged him with possessing a firearm after he was convicted of a felony. The Presentence Report ("PSR") determined that Mr. Gillette had been convicted of three prior violent felonies as the term is used in the ACCA, namely burglaries in Connecticut, New Hampshire, and North Carolina.

*See* 18 U.S.C. §§ 924(e)(1), 924(e)(2).  After the PSR was filed, Mr. Gillette moved to withdraw his guilty plea but eventually withdrew that motion.  Mr. Gillette did, however, continue to challenge the PSR's conclusion that the ACCA applied in his case.

On December 21, 2007, this Court issued a Memorandum Decision on Sentencing Issues, in which it rejected Mr. Gillette's constitutional challenges to the application of the ACCA and his argument that the New Hampshire burglary conviction did not qualify as a predicate offense.  On the same day, the Court determined the ACCA applied and sentenced Mr. Gillette to 150 months imprisonment.  This sentence was 30 months below the mandatory minimum in order to give Mr. Gillette credit for time he served in Vermont state custody on a related conviction for burglarizing a residence in Springfield, Vermont.  Mr. Gillette did not appeal the Court's judgment.

## II. Discussion

Mr. Gillette was sentenced and judgment was entered on December 21, 2007.  His conviction became final when his time for filing a direct appeal expired, in early January 2008.  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).  28 U.S.C. § 2255(f) prescribes a one-year period of limitation for motions to vacate, set aside, or correct a sentence that ordinarily begins to run when the judgment of conviction becomes

final. Mr. Gillette did not file the instant motion until June 20, 2014, well after the ordinary statute of limitations expired.

Mr. Gillette argues that his motion falls under 28 U.S.C. § 2255(f)(3), which provides a later period of limitation. The triggering event is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* New substantive rules generally apply retroactively to convictions that are already final. *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). Substantive rules include "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct of or persons covered by the statute beyond the State's power to punish." *Id.*

According to Mr. Gillette, his motion is timely because the Supreme Court announced a new substantive rule in *Descamps v. United States*, 133 S. Ct. 2276 (2013) (decided June 20, 2013) and his motion was filed within one year of that decision (on the exact one-year anniversary). The Court disagrees, as *Descamps* affirmed a consistent and unbroken thread of prior decisions rather than announcing a new rule.

3

Previously in *Taylor v. United States*, 495 U.S. 575 (1990), *Shepard v. United States*, 544 U.S. 13 (2005), *Nijhawan v. Holder*, 557 U.S. 29 (2009), and *Johnson v. United States*, 559 U.S. 133 (2010) the Court developed and clarified the "categorical approach" for determining whether a past conviction is a violent felony for purposes of the ACCA. The categorical approach requires courts to compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime. *Descamps*, 133 S. Ct. at 2281-82. A variant of this method, the "modified categorical approach," permits a court to do this in a particular way when a so-called "divisible" statute, one setting out one or more elements of the offense in the alternative, is involved. *Id.* The modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. *Id.*

In *Descamps* the Court considered whether a sentencing court may also consult these additional documents when a defendant was convicted under an "indivisible statute," *i.e.* one not containing alternative elements, that criminalizes a broader swath of conduct than the generic offense. The Supreme Court explained that permitting such a result would contravene its prior decisions and the principles underlying them and therefore

4

held that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id.* To hold otherwise would entirely undermine the categorical inquiry. *Id.* at 2292-93.

Justice Kagan's opinion for the Court is clear that the principles underlying its holding were preordained by its prior decisions. The Court recognized at the outset that its caselaw "all but resolve[d]" the issue before it. *Id.* at 2283. After walking through its prior decisions the Court noted that the modified categorical approach "merely helps implement the categorical approach" and explained that this is the "only way [the Court has] ever allowed" it to be applied. *Id.* at 2285. Justice Kagan is highly critical of the Ninth Circuit's contrary analysis which, she notes, "dismiss[ed] everything we have said on the subject," *id.* at 2286, had "no roots in our precedents," *id.* at 2287, and "flout[ed] our reasoning," *id.* at 2288. The message is clear: the Supreme Court had already resolved the general contours of the categorical approach well before *Descamps*, but nevertheless provided additional clarification on its application in order to bring the courts that had misconstrued its precedents back in line.

Although the Second Circuit has yet to comment on whether *Descamps* announced a new rule, dozens of courts around the

5

country have reached the same conclusion as this Court that *Descamps* did not announce a new rule or recognize a new right authorizing collateral attacks on ACCA sentences that are already final. *See*, *e.g.*, *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) ("The Supreme Court did not announce a new rule in *Descamps*."); *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review."); *Nipper v. Warden, FCC Coleman-Medium*, __ Fed. App'x __, 2015 WL 106855, at *2 (11th Cir. Jan. 8, 2015) ("Neither the Supreme Court nor this court has held that *Descamps* applies retroactively on collateral review."); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply affirming the *Taylor/Shepard* approach, which some courts had misconstrued."); *United States v. Montes*, 570 Fed. App'x 830, 831 (10th Cir. 2014) ("We agree with the district court, however, that the *Descamps* decision did not recognize a new right."); *United States v. Davis*, No. 1:02-cr-64-jgm-1, 2015 WL 1097384, at *6 (D. Vt. March 11, 2015) ("[M]any courts have concluded that *Descamps* did not create a new constitutional right. [And] the Supreme Court has not declared *Descamps* retroactively applicable to cases on

collateral review."); *Ellis v. Quay*, __ F. Supp. 3d __, 2015 WL 687459, at *5 (D. Conn. Feb. 18, 2015) ("As the First Circuit has already (and correctly) ruled, *Descamps* does not announce a rule of constitutional law, much less a rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review."); *Spells v. United States*, Nos. 14-cv-3774(PKC), 04-cr-1304(PKC), 2014 WL 5520691, at *1 (S.D.N.Y. Oct. 29, 2014) ("In its previous opinion, the Court held that *Descamps* does not apply retroactively.").

Although the government does not dispute that *Descamps* involved a substantive rule with retroactive effect, the Court need not reach the question of whether the Supreme Court's decision is in fact retroactive because the Court is persuaded that *Descamps* did not recognize a new right.

The government acknowledges that section 2255's limitations period is subject to equitable tolling but argues that Mr. Gillette did not pursue his rights diligently, nor has he shown that "'some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Therefore, equitable tolling should not excuse Mr. Gillette's untimely petition. The Court agrees. Mr. Gillette has neither argued nor demonstrated that he is entitled to equitable tolling.

Mr. Gillette does argue, however, that even if his claim is untimely or procedurally barred the Court may still hear it because his continued incarceration under the ACCA constitutes a fundamental miscarriage of justice. The Supreme Court has held that "actual innocence" allows habeas petitioners to bypass the one-year statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Mr. Gillette argues that the court should follow the example of *United States v. Duval*, 957 F. Supp. 2d 100, 114-115 (D. Mass. 2013) and consider the merits of his argument even if they are barred because he is actually innocent of his sentence. This argument is misplaced, however, because the *Duval* court's reasoning relied on the fact that "an intervening change in the law . . . created a novel claim." *Id.* at 114. Here, the court has already determined there is no novel claim available to Mr. Gillette.

While it is true that the Second Circuit has decided that the actual innocence exception applies to the sentencing phase of noncapital cases, the defendant must show by clear and convincing evidence that he is "actually innocent of the act on which his harsher sentence was based." *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 171-72 (2d Cir. 2000). This means he must demonstrate he did not engage in the *conduct* for which he received a harsher sentence. *Id.* The Second Circuit's reasoning sounds in factual

innocence, not legal innocence, consistent with the Supreme Court's reasoning in *Schlup v. Delo*, 513 U.S. 298 (1995), *House v. Bell*, 547 U.S. 518 (2006), and *McQuiggin*, 133 S. Ct. 1924 (2013). Mr. Gillette does not argue that he did not commit the burglaries of which he was convicted that are the basis of his ACCA sentence. Rather his argument concerns the Court's interpretation and application of the ACCA and the state statutes under which he was convicted. These issues could have been raised on direct appeal.

For the reasons described above, Mr. Gillette's motion is untimely and therefore **denied**.

Dated at Burlington, in the District of Vermont, this 25th day of March, 2015.

/s/ William K. Sessions III  
William K. Sessions III  
District Court Judge